1  **FRANK A. WEISER**, State Bar No. 89780
   Attorney at Law
2  3460 Wilshire Blvd., Suite 1212
   Los Angeles, California 90010
3  Telephone:  (213) 384-6964
   Facsimile:   (213) 383-7368
4  E-Mail:     maimons@aol.com

5

6  Attorneys for Defendant
   VKND KENDALL LLC,
7  a California Limited Liability
   Company

8

9

10                **UNITED STATES DISTRICT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13

14  JAMES RUTHERFORD, an individual,     **Case No.:  5:20-cv-01746-JGB-SP**

15                                        Hon. Judge Sheri Pym
              Plaintiffs,
16                                        **OPPOSITION TO MOTION
                                          TO CONPEL DISCOVERY**
    v                                     **AND FOR SANCTIONS;
17                                        DECLARATION OF FRANK A.
                                          WEISER; MEMORANDUM OF**
18                                        **POINTS AND AUTHORITIES
    VKND KENDALL LLC, a California        IN SUPPORT THEREOF**
19  Limited Liability Company; and DOES
    1-10 inclusive,
20

21                                        **DATE; July 6, 2021
              Defendants.                 TIME;  10;00 a.m.**
22                                        **CTRM; 3**

23

24

25

26

27

28

1

2 ## **DECLARATION OF FRANK A. WEISER**

3     I, FRANK A. WEISER, do hereby declare:

4     1.  I am the attorney for the Defendant VKND KENDALL LLC, a

5 California  Limited Liability Company ("Defendant") and I make this

6 declaration in support of the Defendant's opposition to the Plaintiff's motion

7 to compel discovery and for sanctions. (Civil  Docket No. 24).

8     2.  I have had medical problems and family medical issues primarily with

9 my daughter related to the removal of a large kidney stone that has caused a serious

10 backlog in my heavy trial and appellate calendar and contributed in my not filing

11 responses to the outstanding discovery to date.

12     3.  My daughter still requires surgery to remove her kidney stone as her previously

13 scheduled surgery was postponed due to the pandemic, and she has been treated by a

14 urologist Aresh Akhavein, M.D. formerly of Comprehensive Urology located at 8631

15 W. 3rd St., #715E, L.A., CA 90048.

16     4.  During the first quarantine my daughter developed severe pain and nausea

17 from development of new kidney stones aside from the one that had been scheduled

18 for surgery.

19     5.   This required calling 911 to come to our house at the time and seeing and

20 taking a CT scan later in the day; and my wife had her take additional tests to determine

21 with Dr. Akhavein at that time as to the next course of action.

22     6.   There are other medical issues related to my daughter who also suffers from

23 a severe case of OCD and issues have arisen with regards to to her medication that she

24 takes for the condition that required another personal physician of our family, Dr.

25 Michael Farzam of House Call Doctor, (310) 849-7991 to take medical tests of her at

26 the end of August 2020.

27

28

7.  More recently, during the week of December 7th, 2020, my daughter began suffering pain and nausea again, which appears to be from the stone and which required calling Dr. Farzam and the doctor on call at Comprehensive Urology, Dr. Evan Rosen.

8.  On February 27, 2021, my daughter 2021, my daughter appears to have had a severe anxiety attack as she began complaining of a change in her sense of smell and was in fear that she had contracted Covid 19.

9.  Because of my daughter's severe OCD she has a great fear of contracting Covid 19 and she has not gone out of our house, except at rare times in our backyard, and recently to take her two Covid vaccine shots at CVD since approximately February of 2020.

10.  Dr. Farzam sent an assistant to our house on the evening of February 27, 2020, at approximately 9:30 p.m. to conduct a Covid test on my daughter.

11.  The results of the test thankfully were that my daughter had not contracted Covid.

12.  In addition to the above, a close family friend, Mr. Isaac Fuchs, passed away from a heart condition at Cedars-Sinai Medical Center on March 12, 2021.

13.  Our friend's passing has had a terrible impact on my wife Susan Weiser and myself, and quite frankly, I have not been feeling well at times since his passing.

14.  Further, I lost a brother-in-law in April of last year from Covid 19, Rabbi Solomon Koenig, and my wife's cousin, Rabbi Yonason Goldberger from other health reasons, who were prominent Rabbis in Brooklyn, New York, and I believe that it is fair to say that my family, just as many other families in the country, have undergone severe stress and depression in the past year due to the pandemic, and my family members  passing, and with my daughter's medical issues and now my dear friend's passing I have been, quite frankly, deeply affected and it has had a consequence in my work and backlog.

16.  I also have recently encountered personal medical issues related to my condition of wearing an ostomy bag that I have as a result of  emergency bowel surgery that I underwent from toxic megacolon related to Crohn's disease in 2009.

17.  I would prefer to not go into the details but I have been missing more worktime as a result of the issue.

18.  I am a sole practitioner, and as a result of the above, and also given the fact that I have not been working on a regular basis due to the pandemic, I am very backlogged at present in my heavy trial and appellate calendar and this contributed to my not being able to complete the discovery responses to date..

19.  I take my obligations seriously, and I have practiced extensively before district courts here in California and in this district and before the Ninth Circuit for approximately thirty years primarily specializing in civil rights cases on behalf of Asian-Indian motel owners and operators.

20. Some of my published cases are City of Los Angeles v Patel, 409 U.S. 576 (2015) where I was counsel of record in a case that the United States Supreme Court affirmed in a 5-4 decision the Ninth Circuit's en banc decision facially invalidating on Fourth Amendment grounds a motel search ordinance that authorized law enforcement to search motel registers in demand without consent or a warrant. See also Patel v City of Los Angeles, 738 F.3d 1058 (9th Cir. 2013) (en banc); Herrera v City of Palmdale, 918 F.3d 1037 (9th Cir. 2019) (holding that plaintiffs' Fourth Amendment claim was an exception to the Younger abstention doctrine); Patel v City of Montclair, 798 F.3d 1134 (9th Cir. 2015) (holding that the "common law trespassory doctrine of  the Fourth Amendment does not apply  to the common public areas of a

4

motel and reaffirming that the private locked areas are entitled to Fourth Amendment protection); <u>Patel v City of San Bernardino</u>, 310 F.3d 1134 (9th Cir. 2002) (holding that plaintiffs case should not have been dismissed under Tax Injunction Act); <u>Patel v Penman</u>, 103 F.3d 868 (9th Cir. 1996)  (reversing jury verdict based on plaintiff's procedural due process claim<u>); City of San Bernardino Hotel/Motel</u> <u>Association v City of San Bernardino</u>, 59 Cal.App.4th 237 (1997) (facially invalidating a city tax on due process grounds)

21.  While I certainly lose my share of cases and I recognize that there are much better attorneys who practice in this district and in the Ninth Circuit, I certainly take my obligations seriously.

22. Recently, I litigated a facial challenge in the Ninth Circuit to a City of San Jose rent registry on Fourth Amendment grounds and the Ninth Circuit in a per curiam opinion affirmed the district court's Rule 12(b)(6) dismissal but I believe that there is a novel Fourth Amendment issue that required that my clients file a cert petition to the U.S. Supreme Court. See <u>Hotop v City of San Jose</u>, 982 F.3d 710 (9th Cir. 2020).

23.  I hope to have the verified responses without objection to the Plaintiff before the hearing.

24.  I respectfully request the Court deny the motion as moot in the event that I respond to the discovery before the hearing.

1

2          I declare under penalty of perjury under the laws of the State of

3    California that the foregoing is true and correct.

4          Executed this 15th day of June, 2021 at Los Angeles, California.

5

6

7

8    _____
     FRANK A. WEISER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **GOOD CAUSE OR EXCUSABLE NEGLECT EXISTS TO DENY SANCTIONS**

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court has the power to extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect."

This rule, like all the Federal Rules of Civil Procedure "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v Watt, 722 F.2d 1257, 1263 (9th Cir. 1983). See also Federal Rule of Civil Procedure 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. See Ahanchian v Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (citing out of circuit cases for the same proposition).

To determine whether a party's failure to meet a deadline constitutes "excusable neglect", a district court must engage in a four-factor equitable test, which Includes analyzing: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993); Briones v Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting the test in Rule 60(b) motions); Bateman v U.S. Postal Serv., 231 F.3d 1220, 1223-1224 (9th Cir. 2000); Pincay v Andrews, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) (clarifying that in application of the test a district may not apply per se rules).

1         In <u>Bateman</u>, Bateman's counsel had left the country before filing an opposition

2    to a  motion for summary judgment, and the deadline passed while he was traveling

3    abroad. Id., at 1223. Bateman's counsel also failed to file any motions for extensions

4    of time, and failed to contact the district court for sixteen days after he returned because

5    of "jet lag and the time it took to sort the mail." Id., at 1223.

6         Bateman moved to set aside the summary judgment pursuant to Rule 60(b).

7    Id., at 1223. The district court denied the motion after only considering the facts

8    concerning the reasons for the delay. Id., at 1224. The Ninth Circuit reversed and

9    remanded the case to the district court with instructions to grant the motion "because

10   the equities in this case weigh in favor of Bateman . . ." Id., at 1225.

11        In doing so, the Ninth Circuit emphasized <u>Pioneer</u>'s "statement that "excusable

12   neglect includes cases of negligence . . ." Id., at 1224. In reversing, the Ninth Circuit

13   held that although Bateman's reasons for the delay was weak, "[t]he length of delay,

14   and its potential impact on the judicial proceedings, was also minimal." Id., at 1225.

15        The Ninth Circuit rejected that a two week delay in responding to the motion

16   was sufficient to justify denial of relief. Id., at 1225. (citing out of circuit authority

17   that "the mere possibility of prejudice from delay, which is inherent in every case, is

18   insufficient to require denial of a 60(b)(1) motion) (internal citations omitted).

19        In the case at bar, there is no known prejudice to the Defendants. As

20   demonstrated by <u>Bateman</u>, prejudice is not presumed, and the reasons here for the late

21   response, unlike <u>Bateman</u>, are especially strong and moreso not to sanction the

22   Defendant.

23        In <u>Pincay</u>, the defendants who had filed their notice of appeal 24 days late,

24   argued that the late filing was a result of a calendaring error caused by the attorneys and

25   Paralegals misapplying a clear legal rule. Id., at 855. Sitting en banc, the Ninth Circuit

26   rejected the plaintiffs' argument that the district court had abused its discretion in ruling

27   for the defendants. The Ninth Circuit concluded that even though the calendaring error

28   was not a "compelling excuse," because of the nature of the <u>Pioneer/Briones</u> balancing

test any "rigid legal rule against late filings attributable to any particular type of negligence." Id., at 860.

In this case, the <u>Pioneer/Briones</u> factors weigh heavily that excusable neglect exists. As argued earlier, (1) there is no danger of prejudice to the Plaintiff; (2) the length of the delay is minimal and there is no potential impact on the proceedings in general; (3) the reason for the delay under the circumstances of the Plaintiffs counsel's family medical issues, his counsel acted in good faith.

Given the liberal "good cause" and "excusable neglect" standard, there is ample reason to deny sanctions under the Ninth Circuit's standard.

## II.

## CONCLUSION

For all foregoing reasons, the Defendant respectfully requests that the Court deny the motion as moot should the responses without objection be served before the hearing deny sanctions, especially against the Defendant.

DATED:  June 15, 2021                    Respectfully submitted,

LAW OFFICES OF FRANK WEISER


By:___/s/ Frank A. Weiser_____
     Frank Weiser
     Attorney for Defendant
     VKND KENDALL LLC,
     a California Limited Liability
     Company

.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28