UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1746-JGB (SPx) | Date | July 9, 2021 |
|---|---|---|---|
| Title | James Rutherford v. Dootson Property Management, L.P., et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Granting In Large Part Plaintiff's Motion to Compel [24]

## I. INTRODUCTION

On June 2, 2021, plaintiff James Rutherford filed an amended motion to compel defendant VKND Kendall LLC to respond to written discovery requests and produce documents, and for monetary sanctions. Docket No. 24. Plaintiff's arguments are supported by the declaration of his counsel Tristan P. Jankowski ("Jankowski Decl.") and exhibits. On June 15, 2021, defendant filed an opposition supported by the declaration of its counsel Frank A. Weiser ("Weiser Decl."). Docket No. 25. Plaintiff filed a reply on June 21, 2021 (docket no. 26) along with a request for judicial notice ("RJN") of five documents (docket no. 27).

The court found a hearing on the motion would not be of assistance and so vacated the hearing scheduled for July 6, 2021. The court now largely grants plaintiff's motion to compel, except that the court denies his request for sanctions.

## II. BACKGROUND

On October 13, 2020, plaintiff filed a First Amended Complaint ("FAC") alleging defendant violated the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh"). Docket No. 9. Plaintiff alleges he is legally disabled and relies upon mobility devices to ambulate. *See* FAC ¶ 1. He is also the holder of a disabled person parking placard. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1746-JGB (SPx) | Date | July 9, 2021 |
|---|---|---|---|
| Title | James Rutherford v. Dootson Property Management, L.P., et al. | | |

    On or about June 23, 2020, plaintiff allegedly visited defendant's business to browse its menu and confirm its compliance with federal and state disability laws. *See id.* ¶ 8. He claims the business had several architectural barriers, such as no parking spaces designated for people with disabilities. *See id.* ¶¶ 11-12. He seeks injunctive relief, actual and statutory damages, deterrence damages, and attorney's fees and costs. *See id.* at 9. Defendant answered the FAC on December 18, 2020.

    On March 10, 2021, plaintiff served defendant with requests for admissions, requests for production of documents, and interrogatories. Jankowski Decl. ¶ 3, Ex. 1. On April 9, defendant requested a three-week extension to respond to the discovery requests, making May 3 the new deadline. *Id.* ¶ 4, Ex. 2. Notwithstanding this extension, defendant waited until May 11 to serve responses to plaintiff's requests for admissions, and has yet to respond to the other discovery requests. *Id.* ¶ 5, Ex. 3.

    On May 12, plaintiff sent defendant a letter requesting complete responses to his interrogatories and document requests by May 19, or a meet-and-confer conference under Local Rule 37-1 within the next ten days. *Id.* ¶ 6, Ex. 4. Defendant did not respond to this letter. *Id.* ¶ 7. Plaintiff wrote to defendant on May 24 again to request a discovery conference. *Id.* ¶ 7, Ex. 5. Defendant also ignored that communication. *Id.* ¶ 7. Defendant failed to respond to a third request for a discovery conference sent on May 27. *Id.* ¶ 8, Ex. 6.

### III. DISCUSSION

    Plaintiff moves for an order compelling defendant to respond to his document requests and interrogatories without objections. Ntc. of Mtn. at 1-2. Plaintiff also seeks monetary sanctions for defendant's failure to comply with court rules. *Id.* at 2.

    Plaintiff's motion is not in the form of a joint stipulation, but plaintiff complied with Local Rule 37-2.4 by filing a declaration establishing that opposing counsel failed to confer in a timely manner under Local Rule 37-1. Thus, the court addresses the merits of plaintiff's motion to compel.

A.    **Judicial Notice Is Appropriate**

    In support of his reply, plaintiff requests judicial notice of five declarations that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1746-JGB (SPx) | Date | July 9, 2021 |
|---|---|---|---|
| Title | James Rutherford v. Dootson Property Management, L.P., et al. | | |

defense counsel filed in other cases in this district, including:

1. Declaration in response to order to show cause regarding dismissal for lack of prosecution filed on March 4, 2019 in *Meggs v. GT Hotels, Inc.*, No. 5:18-cv-2254-SJO (SHKx).
2. Declaration regarding failure to respond to court's order to show cause filed on July 19, 2019 in *Ho v. Balubhai*, No. 8:19-cv-529-JLS (DFMx).
3. Declaration in support of ex parte application to vacate default filed on January 24, 2020 in *Rutherford v. Ahir*, No. 5:19-cv-2376-SVW (SPx).
4. Declaration in support of ex parte application to continue motion for summary judgment filed on August 11, 2020 in *Rutherford v. Nites Inn Corp.*, No. 5:19-cv-2165-FLA (SHKx).
5. Declaration in support of response to order to show cause regarding sanctions filed on April 7, 2021 in *Perri v. Patel*, No. 2:20-cv-5782-JFW (GJSx).

*See* Docket No. 27.

Federal Rule of Evidence 201 provides: "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For instance, courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citation omitted).

The court records that plaintiff seeks judicial notice of are relevant to the court's analysis of plaintiff's sanctions request. Accordingly, the court grants plaintiff's request for judicial notice of the five documents.

**B.      Defendant Must Respond to the Outstanding Discovery Requests Without Objections**

A party may serve up to 25 written interrogatories, unless otherwise stipulated or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1746-JGB (SPx) | Date | July 9, 2021 |
|---|---|---|---|
| Title | James Rutherford v. Dootson Property Management, L.P., et al. | | |

ordered by the court. Fed. R. Civ. P. 33(a)(1). The responding party must serve its answers and any objections within 30 days of being served with the interrogatories, and any ground not stated in a timely objection is waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(2), (b)(4).

Under Rule 34, a party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must respond in writing within 30 days and is obligated to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its possession, custody, or control. Fed. R. Civ. P. 34(a) to (b). Alternatively, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Here, defendant concedes he must respond to the outstanding discovery requests without objection. *See* Weiser Decl. ¶ 23 ("I hope to have the verified responses without objection to the Plaintiff before the hearing."). Indeed, defendant has waived any objection to the discovery requests due to his failure to timely respond. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." (citations omitted)). Defense counsel asks the court to deny the motion to compel as moot "in the event that I respond to the discovery before the hearing." Weiser Decl. ¶ 24. As of the date of this order, however, there is no evidence that defendant has complied with its discovery obligations. Accordingly, the court rejects defendant's request to deny this motion as moot. The court orders defendant to respond to plaintiff's document requests and interrogatories in full and without objection within seven days of this order.

**C.**     **The Court Denies Plaintiff's Request for Sanctions**

Plaintiff seeks monetary sanctions under either Federal Rule of Civil Procedure 37 or Local Rule 37-4. Mtn. at 5. His counsel requests $2,100 for six hours of work spent litigating this motion to compel at an hourly rate of $350. *Id.*

Rule 37(a)(5) provides that the prevailing party on a discovery motion is entitled to an award of its reasonable expenses incurred in bringing or opposing the motion, including attorney's fees, except no payment should be ordered if: (1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1746-JGB (SPx) | Date | July 9, 2021 |
|---|---|---|---|
| Title | James Rutherford v. Dootson Property Management, L.P., et al. | | |

losing party's position was substantially justified; or (3) other circumstances make award of expenses unjust. Moreover, Local Rule 37-4 warns that "failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."

Defense counsel asks the court to deny sanctions in consideration of numerous personal and medical issues he has been facing, which he details in his declaration. *See generally* Weiser Decl. The medical problems he recounts are serious and extensive. As a sole practitioner, he claims those medical problems have caused a significant backlog in his heavy trial and appellate calendar and contributed to his failure to file timely responses to plaintiff's discovery requests. *Id.* ¶ 2.

Although the court sympathizes with defense counsel's situation, his failure to timely comply with his most basic procedural obligations has real consequences for the court, plaintiff, and his client. The court and plaintiff had to spend valuable resources on this practically unopposed motion that could have been avoided. Defense counsel's client suffers due to the automatic deemed admissions and the waiver of objections to other discovery requests.

What is most concerning, though, is that defense counsel's procedural violations in this case appear to be part of a pattern of similar conduct over the last few years. *See generally* RJN, Exs. 1-5. Under these circumstances, which defense counsel himself has recounted, defense counsel should not continue to maintain a "heavy trial and appellate calendar." Indeed, it is troubling that he took on representation of defendant in this case knowing that he has a backlog and has been unable to fulfill his litigation duties diligently over the past few years.

The court reminds defense counsel that the California Rules of Professional Conduct prohibit attorneys from "intentionally, repeatedly, recklessly or with gross negligence fail[ing] to act with reasonable diligence in representing a client." Cal. R. Prof. Conduct 1.3(a) (State Bar of Cal. 2021). "Reasonable diligence" is defined as "act[ing] with commitment and dedication to the interests of the client and . . . not neglect[ing] or disregard[ing], or unduly delay[ing] a legal matter entrusted to the lawyer." Cal. R. Prof. Conduct 1.3(b). Notwithstanding his personal hardship, defense counsel has an ethical duty to either litigate this case with reasonable diligence or request substitution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1746-JGB (SPx) | Date | July 9, 2021 |
|---|---|---|---|
| Title | James Rutherford v. Dootson Property Management, L.P., et al. | | |

Despite its concerns, the court denies plaintiff's request for sanctions because he fails to satisfy his burden of establishing entitlement to the requested amount of sanctions. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). Specifically, plaintiff had a duty to submit "satisfactory evidence" in support of his requested hourly rate of $350. *Novel v. Los Angeles Cnty. Sheriff's Dep't*, 2020 WL 3884438, at *3 (C.D. Cal. Mar. 30, 2020) (internal quotation marks omitted). But he does not even provide evidence of the number of years of experience he has. Thus, there is insufficient evidence for the court to determine a reasonable sanction. For this reason, the request for sanctions is denied, and the court will not analyze defense counsel's claim of excusable neglect.

## IV. CONCLUSION

Accordingly, the court grants in large part plaintiff's motion to compel (docket no. 24) but denies his request for sanctions. Defendant is ordered to respond in full to plaintiff's outstanding document requests and interrogatories without objection, including producing all responsive documents, within seven days, that is, by July 16, 2021, unless otherwise agreed by plaintiff. Defense counsel must also provide a copy of this order to his client, defendant VKND Kendall LLC, within three days of the date of this order.

**The court warns defense counsel that further failure to comply with his discovery obligations as ordered herein may result in sanctions, which could include monetary sanctions and/or referral to the California State Bar for disciplinary action.**