1 | **FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
2 | 3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
3 | Telephone: (213) 384-6964
Facsimile: (213) 383-7368
4 | E-Mail: maimons@aol.com

6 | Attorneys for Defendant
VKND KENDALL LLC,
7 | a California limited liability
company

# UNITED STATES DISTRICT
# CENTRAL DISTRICT OF CALIFORNIA

| JAMES RUTHERFORD, an individual, | Case No. CV 20-01746-JGB-SP |
|---|---|
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF FRANK A. WEISER IN SUPPORT OF EX-PARTE APPLICATION TO EXTEND TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO CONTINUE MOTION FOR SUMMARY JUDGMENT** |
| v | |
| VKND KENDALL LLC, a California limited liability company, et al, | |
| Defendants. | |

## DECLARATION OF FRANK A. WEISER

I, FRANK A. WEISER, do hereby declare:

1. I am the attorney for the for Defendant VKND KENDALL LLC, a California limited liability company ("Defendant") and I make this supplemental declaration in support of the Defendant's ex-parte application for an extension of time to file an opposition to Plaintiff JAMES RUTHERFORD'S ("Plaintiff") motion for summary judgment, or in the alternative, to continue the motion.

2. I inadvertently did not obtain the position of opposing counsel in my previous declaration dated October 18, 2021.

3. On October 22, 2021, at approximately 7:24 a.m. I e-mailed Michael Manning, Esq., and his associate Phyl Grace, Esq. and I requested of Ms. Grace that she e-mail me her position on the application.

4. To date, I have not received a response from either Ms. Grace or Mr. Manning and I will inform the Court when I do so.

5. Thus, I respectfully request that the Court grant this ex-parte Application.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of October, 2021 at Los Angeles, California.

_____
FRANK A. WEISER

# I.

# **MEMORANDUM OF POINTS AND AUTHORITIES**

A. **GOOD CAUSE OR EXCUSABLE NEGLECT EXISTS TO GRANT THE REQUEST**

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court has the power to extend the time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;" or under Rule 6(b)(1)(B) after the original time expires on the basis of excusable neglect.

This rule, like all the Federal Rules of Civil Procedure "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v Watt, 722 F.2d 1257, 1263 (9th Cir. 1983). See also Federal Rule of Civil Procedure 1 ("[The Federal Rules] should be construed and administered to secure the

just, speedy, and inexpensive determination of every action and proceeding.").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. See Ahanchian v Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (citing out of circuit cases for the same proposition and holding that attorney's request for additional time to file an opposition to a motion for summary judgment based on his heavy trial calendar constituted "good cause" for the extension request).

"Excusable Neglect" under Rule 6(b)(1)(B) is also broadly and liberally applied by the Ninth Circuit.

To determine whether a party's failure to meet a deadline constitutes "excusable neglect", a district court must engage in a four-factor equitable test, which Includes analyzing: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993); Briones v Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting the test in Rule 60(b) motions); Bateman v U.S. Postal Serv., 231 F.3d 1220, 1223-1224 (9th Cir. 2000); Pincay v Andrews, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) (clarifying that in application of the test a district may not apply per se rules).

In Bateman, Bateman's counsel had left the country before filing an opposition to a motion for summary judgment, and the deadline passed while he was traveling abroad. Id., at 1223. Bateman's counsel also failed to file any motions for extensions of time, and failed to contact the district court for sixteen days after he returned because of "jet lag and the time it took to sort the mail." Id., at 1223.

Bateman moved to set aside the summary judgment pursuant to Rule 60(b). Id., at 1223. The district court denied the motion after only considering the facts concerning the reasons for the delay. Id., at 1224. The Ninth Circuit reversed and remanded the case to the district court with instructions to grant the motion "because

the equities in this case weigh in favor of Bateman . . ." Id., at 1225.

In doing so, the Ninth Circuit emphasized Pioneer's "statement that "excusable neglect includes cases of negligence . . ." Id., at 1224. In reversing, the Ninth Circuit held that although Bateman's reasons for the delay was weak, "[t]he length of delay, and its potential impact on the judicial proceedings, was also minimal." Id., at 1225.

The Ninth Circuit rejected that a two week delay in responding to the motion was sufficient to justify denial of relief. Id., at 1225. (citing out of circuit authority that "the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion) (internal citations omitted).

As demonstrated by Bateman, prejudice is not presumed, and the reasons here for the request, unlike Bateman, are especially strong.

In Pincay, the defendants who had filed their notice of appeal 24 days late, argued that the late filing was a result of a calendaring error caused by the attorneys and Paralegals misapplying a clear legal rule. Id., at 855. Sitting en banc, the Ninth Circuit rejected the plaintiffs' argument that the district court had abused its discretion in ruling for the defendants. The Ninth Circuit concluded that even though the calendaring error was not a "compelling excuse," because of the nature of the Pioneer/Briones balancing test any "rigid legal rule against late filings attributable to any particular type of negligence." Id., at 860.

In this case, the Pioneer/Briones factors weigh heavily that excusable neglect exists. As argued earlier, (1) there is no danger of prejudice to the Plaintiff; (2) the length of the delay is minimal and there is no potential impact on the proceedings in general; (3) the reason for the delay under the circumstances of the Defendant counsel's family medical issues and backlog, his counsel is acting in good faith.

Given the liberal "good cause" and "excusable neglect" standard, there is ample reason to grant this request under the Ninth Circuit's standard.

## II.
## CONCLUSION

For all foregoing reasons, the Defendant respectfully requests that the Court grant this ex-parte application.

DATED: October 18, 2021

Respectfully submitted,

LAW OFFICES OF FRANK WEISER

By: /s/ Frank A. Weiser
_____
Frank Weiser, Attorney for Defendant VKND KENDALL LLC, a California limited liability company