FRANK A. WEISER (S.B. #89780)
Attorney at Law
3460 Wilshire Blvd., #1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Defendant
VKND KENDALL LLC,
a California limited liability
company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>            Plaintiff,<br><br>vs.<br><br>VKND KENDALL LLC, a California limited liability company; and DOES 1-10,<br><br>            Defendants. | Case No. CV20-01746-JGB-SP<br><br>**REPLY TO OPPOSITION TO EX-PARTE APPLICATION TO EXTEND TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO CONTINUE MOTION FOR SUMMARY JUDGMENT; DECLARATION OF FRANK A. WEISER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

1

## DECLARATION OF FRANK A. WEISER

I, FRANK A. WEISER, do hereby declare:

1. I am the attorney for the Defendant VKND KENDALL LLC, a California limited liability company ("Defendant") and I make this declaration in support of the instant reply to the Plaintiff JAMES RUTHERFORD'S ("Plaintiff") opposition to the Defendant's Ex-Parte Application to Extend Time to File an Opposition to the Motion for Summary Judgment, or in the alternative, to Continue the Motion for Summary Judgment.

2. Because of my wife SUSAN WEISER'S recent hospitalization as I set forth in my declaration of October 18, 2021 (Civil Docket No. 32), I have also had to make multiple requests from various courts for extensions of time to either file briefs or other relief other than the application made here.

3. In all of such requests, the courts and opposing counsel have graciously understood that the circumstances warranted relief and no counsel in those cases opposed my requests as is being done here.

4. On September 26, 2021, I sought a second ex-parte application of time to file a reply brief in support of a Rule 50 and 59 post-trial motions from the Honorable John W. Holcomb in the case of Efficient Task Limited v Pacific Bridge Global, Inc., USDC Case No. CV18-01999-JWH-DFM. (Civil Docket No. 84).

5. The unopposed application before Judge Holcomb was based, as here, on my wife's hospitalization, and was graciously granted. (Civil Docket No. 85).

6. My wife's sudden emergency hospitalization on September 4, 2021, was one day after I had made my first ex-parte application for an extension of time to file a reply brief on September 3, 2021 and that was graciously granted by Judge Holcomb on September 7, 2021. (Civil Docket Nos. 82-83).

7. On October 4, 2021, I filed an ex-parte application once agaon before Judge Holcomb to enlarge time to file a motion for entry of default judgment, once again on the basis of my wife's recent hospitalization, and Judge Holcomb granted the application and discharged his Order to Show Cause re: Dismissal finding **"good cause"** (Civil Docket Nos. 37, 39, 43).

8. On October 1, 2021, the Ninth Circuit granted my unopposed motion for leave to file the opening brief in the case of Sanjay Patel, et al. v City of South El Monte, Ninth Circuit Case No. 21-55546 (Docket No. 10) and on October 6, 2021, the Ninth Circuit granted Circuit granted my unopposed motion for leave to file the opening brief in the case of Apartment Association of Greater Los Angeles v City of Los Angeles, Ninth Circuit Case No. 21-55623.

9. On October 7, 2021, the Honorable Frances Rothchild, Presiding Justice in the California Court of Appeals for the Second Appellate District, Division One, granted my unopposed motion for an extension of time to file an opening brief in the case of City of Los Angeles v Amrathbhai Patel, Appeal Case No. B306094; and on October 18, 2021, Justice Rothchild found **good cause** to reinstate the appeal previously dismissed on October 1, 2021, in the case of Manuel Chavez v Balubhai Patel, Appeal Case No. B307891. A copy of Justice Rothchild's orders of October 7, 2021 and October 18, 2021 are attached hereto as Exhibit "A".

10. In each case, I explained about my wife's recent hospitalization and my backlog in making the requests.

11. My wife's recent hospitalization was very serious. She was treated at Cedars and now as an out patient by the following physicians, Dr. Ash Naraghi located 9001 Wilshire Blvd., Suite 200, Beverly Hills, CA, (310) 691-1138 (pulmonary doctor); Dr. Arash Taghavi located at 2080 Century Park E, unit 405, Los Angeles, CA 90067, (310) 858-6500 (cardiologist); Dr. Amirhossein Mahfoozi .and his associate located at 8631 W. Third St., Suite 240 E, Los Angeles, CA, (800) 233-2771 (thoracic surgeon). She has also suffered from stomach issues after her return from Cedars which her gastroenterologist, Dr. Jeffrey Sherman, has surmised may be a result of the medications and antibiotics she took at Cedars. As a result, over a week ago she underwent tests at Cedars on an out patient basis upon Dr. Sherman's request. Dr. Sherman is located at 8631 W. 3rd St., #540, Los Angeles, CA 90048.

12. With respect to past cases that the Plaintiff's counsel cites in his opposition, the case of <u>William Robert Herrera v City of Palmdale</u>, Ninth Circuit Case No. 17-55761, the Ninth Circuit granted my motion to file a late supplemental brief on November 29, 2018 (Docket No. 55), and the case eventually resulted in my obtaining a published reversal of the district court's dismissal on the Fourth Amendment civil rights claim. See <u>Herrera v City of Palmdale</u>, 918 F.3d 1037 (9th Cir. 2019).

13. In the case of <u>John Ho v Balubhai Patel</u>, USDC Case No. CV19-00529-JLS-DFM, another case that the Plaintiff's counsel cites in his opposition, the district court reinstated the answer by my client after I filed my declaration and the filing of a joint stipulation and the case was eventually settled and dismissed with prejudice. (Civil Docket Nos. 19, 20, 21, 32).

14. In the case of <u>John Meggs v GT Hotels, Inc.</u>, USDC Case No. CV18-02254-SJO-SHK, another case that the Plaintiff's counsel cites in his opposition, I represented the defenndant GT Hotels, Inc. And I filed a declaration on March 4, 2019 in support of the

Plaintiff JOHN MEGGS in response to the district court's OSC against the plaintiff re: dismissal for lack of prosecution and request to set aside a default that was entered before I made an appearance for the defendant. The plaintiff's counsel and I filed a joint stipulation to set aside the default and the district court vacated the default and permitted the filing of the answer. (Civil Docket Nos. 21, 22, 23, 24, 25).

15. In James Rutherford v Champakbhai Ahir, USDC Case No. CV19-02376-SVW-SP, another case that the Plaintiff's counsel cites in his opposition, the district court set aside a default and permitted the filing by my client of the answer to the complaint after I filed an ex-parte application on January 24, 2020. (Civil Docket Nos. 13, 14, 15).

16. In James Rutherford v Nites Inn Corporation, USDC Case No. CV19-02165-FLA-SHK, this Court, on its own motion on August 12, 2020, continued the plaintiff's motion for summary judgment, after I filed on August 11, 2020, an ex-parte application to extend the time to file an opposition to the motion, or continue the motion. (Civil Docket Nos. 27, 28).

17. While there have been unfortunately other family and personal medical issues, including the passing from Covid 19 of my brother-in-law, Rabbi Solomon Koenig, a prominent Rabbi in New York whose passing was reported on the internet, the cases cited in paragraphs 12-16 by the Plaintiff's counsel do not involve my wife's recent hospitalization last month.

18. My wife fainted in my arms at our home on September 11, 2021, at which time she was hospitalized a second time on an emergency basis at Cedars. Her illness has been very serious unfortunately and very difficult for me and my family.

19. Thus, I respectfully request that the Court grant this application.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25th day of October 2021 at Los Angeles, California.

_____
FRANK A. WEISER

I.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. GOOD CAUSE EXISTS TO GRANT THIS APPLICATION**

Plaintiff makes no attempt to argue against or distinguish <u>Ahanchian v Xenon Pictures, Inc.</u>, 624 F.3d 1253 (9th Cir. 2010), a principal case cited by the Defendant (Application, 5:15-20). In <u>Ahanchian</u>, an attorney's request for additional time to file an opposition to a motion for summary judgment based on his heavy trial calendar constituted "good cause" for the extension request under Rule 6(b)(1)(A). Id., at 1259.

The Defendant has requested from other other courts extensions of time or relief which have been granted for good cause based on his counsel's wife's recent hospitalization and his backlog.

The Plaintiff does not argue why the liberal standard to hear matters on the merits under the Federal Rules should not be applied here as it was in <u>Ahanchian</u>, a case that did not involve the circumstances here.

The Defendant easily meets the "good cause" standard under the Federal Rules and the Ninth Circuit case law.

**B. EVEN IF GOOD CAUSE DID NOT EXIST EXCUSABLE NEGLECT WOULD WARRANT GRANTING THE APPLICATION**

Even if "good cause" did not exist, the Plaintiff does not argue or distinguish any of the cases cited by the Defendant in the application. Once again, under these circumstances why would the broad and liberal application by the Ninth Circuit under Rule 6(b)(1)(B) not apply.

In <u>Bateman v U.S. Postal Serv.</u>, 231 F.3d., 1220 (9th Cir. 2000), Bateman's counsel did not file an opposition to the motion for summary judgment which had passed while he was traveling outside of the country and his counsel, unlike here, failed to contact the court or request an extension of time. Yet, the Ninth Circuit held that the district court's grant of the motion should be set aside because the equities in the case favored Bateman. Id. At 1225.

The Defendant's counsel's wife's recent hospitalization and the circumstances of this case are far more favorable than Bateman's, and the liberal standard to hear the case on the merits should be denied.

## II.

## CONCLUSION

For all the foregoing reasons, the Defendant respectfully requests that this application be granted.

DATED: October 25, 2021                     Respectfully submitted,

                                            LAW OFFICES OF FRANK A.
                                            WEISER

                                            By: _____
                                            FRANK A. WEISER, Attorney for
                                            Defendant VKND KENDALL LLC,
                                            a California limited liability
                                            company

**EXHIBIT "A"**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION: 1

CITY OF LOS ANGELES,
Plaintiff and Respondent,
v.
AMRATBHAI G. PATEL,
Defendant and Appellant.

**COURT OF APPEAL – SECOND DIST.**
**FILED**
Oct 07, 2021
DANIEL P. POTTER, Clerk
JLozano   Deputy Clerk

B306094
Los Angeles County Super. Ct. No. 19STCV03753

THE COURT:

    Appellant's motion for an extension of time to file opening brief is granted. Appellant's Opening Brief is now due on or before November 4, 2021.

_____
Acting Presiding Justice

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT

DIVISION 1

MANUEL CHAVEZ,
Plaintiff and Respondent,
v.
BALUBHAI PATEL et al.,
Defendants and Appellants.

B307891
Los Angeles County Super. Ct. No. 20STCP02511

**COURT OF APPEAL – SECOND DIST.**
**FILED**
Oct 18, 2021
DANIEL P. POTTER, Clerk
JLozano     Deputy Clerk

THE COURT:

Good cause appearing, appellant's motion to reinstate appeal is granted. The order of dismissal filed October 1, 2021, is vacated and the appeal filed September 10, 2020, is reinstated.

Appellant's opening brief is due on or before October 19, 2021. Failure to file by this date will result in dismissal.

_____
Presiding Justice