1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

10/24/21, 10:30 PM
Case 5:20-cv-01746-JGB-SP   Document 39-1   Filed 10/25/21   Page 2 of 18   Page ID #:496
James Rutherford v VKND KENDALL, LLC et al./USDC Case No. CV20-01796-JGB-SP

**From:** maimons@aol.com,

**To:** adapracticegroup@manninglawoffice.com, joe@manninglawoffice.com,

**Subject:** James Rutherford v VKND KENDALL, LLC, et al./USDC Case No. CV20-01796-JGB-SP

**Date:** Tue, May 11, 2021 12:16 am

**Attachments:** patelvick.5-10-21responsetoRFASrutherfordvvkndllcusdccaseno.cv20-01746-JGB-SP.pdf (1895K)

---

Joseph R. Manning, Esq.
Manning Law, APC
20062 S.W. Birch Street, Suite 200
Newport Beach, CA 92660

Dear Mr. Manning:

Attached please find with regards to the above referenced'case
the following document: Response to Requests for Admission,
Set One.

I appreciate your courtesy and cooperation in the matter.

Sincerely,

Frank A. Weiser
Attorney at :Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, CA 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com - (e-mail)

1

FRANK A. WEISER (S.B. #89780)

2

Attorney at Law
3460 Wilshire Blvd., #1212

3

Los Angeles, California 90010
(213) 384-6964  - (voice)

4

(213) 383-7368  - (fax)

5

maimons@aol.com - (e-mail)

6

Attorney for Defendant

7

VKND KENDALL LLC,
a California limited liability

8

company

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

JAMES RUTHERFORD,                    )    Case No. CV20-01746-JGB-SP
                                     )
14                                   )
                                     )    **RESPONSE TO REQUESTS**
15                                   )    **FOR ADMISSION, SET ONE**
                                     )
16            Plaintiff,             )
                                     )
17                                   )
                                     )
18   vs.                             )
                                     )
19                                   )
                                     )
20   VKND KENDALL LLC,a California limited  )
                                     )
21   liability company; and DOES 1-10,  )
                                     )
22                                   )
                                     )
23            Defendants.            )
     _____)

24

25

26

27

28

1

PROPOUNDING PARTY: Plaintiff JAMES RUTHERFORD

RESPONDING PARTY:   Defendant VKND KENDALL LLC,

A Californiaifornia limited liability

company

SET NUMBER:        ONE

Pursuant to Federal Rule Civil Procedure 36 Defendant VKND KENDALL

LLC, a California limited liability company ("Defendant"), responds to the Request for

Admissions, Set No.One propounded by  Plaintiff JAMES RUTHERFORD

("Plaintiff").attached hereto as Exhibit "A"

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Deny

2

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

    Deny

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

    Deny


DATED: May 11, 2021                    LAW OFFICES OF FRANK A.
                                       WEISER

                                       By: _____
                                       FRANK A. WEISER, Attorney for
                                       Defendant VKND KENDALL LLC,
                                       a California limited liability
                                       company

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
   **MANNING LAW, APC**
2  20062 S.W. Birch St., Suite 200
3  Newport Beach, CA 92660
   Office: (949) 200-8755
4  ADAPracticeGroup@manninglawoffice.com

5  Attorneys for Plaintiff: JAMES RUTHERFORD

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  JAMES RUTHERFORD, an            Case No.: **5:20-cv-01746-JGB-SP**
12  individual;

13          Plaintiff,
                                    **PLAINTIFF'S FIRST SET OF REQUESTS**
14  v.                             **FOR ADMISSION TO DEFENDANT VKND**
                                    **KENDALL LLC, a California limited liability**
15                                  **company**
16  VKND KENDALL LLC, a
    California limited liability
17  company; and DOES 1-10,
    inclusive,
18
19          Defendants.

20

21

22       Pursuant to Federal Rules of Civil Procedure, Rule 36, Plaintiff JAMES

23  RUTHERFORD ("Plaintiff") submits the following Requests for Admission to

24  Defendant VKND KENDALL LLC, a California limited liability company

25  ("Defendant") and requests Defendant to provide all responses within thirty (30) days

26  after service hereof.

27

28

   ─────────────────────────────────────────────────
        **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT**
                                    1

# DEFINITIONS

1.   "YOU" includes VKND KENDALL LLC, a California limited liability company ("Defendant") the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense.  "YOU" includes any of YOUR sister companies or related entities, and their connected companies, whether or not separately incorporated.

2.   The terms "PLAINTIFF" refers to JAMES RUTHERFORD.

3.   The terms "ACCESS," "ACCESSIBLITY," or "ACCESSIBLE" refers to disability or handicap access as that term is used in the Americans with Disabilities Act (the "ADA").

4.   The term "DISABILITY ACCESS LAWS" means all federal, state, and local laws and implementing regulations relating to access of the disabled, including but not limited to, the ADA, the Unruh Civil Rights Act, the 1991 ADA Standards for Accessible Design, and the 2010 ADA Standards for Accessible Design.

5.   The term "LEVEL", shall mean flat, horizontal, and/or at the same height.

6.   "AGENT" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

7.   "PERSON" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

8.   The term "ALTERATION" means any change to a facility that affects usability, including remodeling, renovation, rearrangements in structural parts, and changes or rearrangement of walls and full-height partitions.

9.   The term "REMEDIATION" means the process of eliminating accessibility barriers for people with disabilities.

10. The term "READILY ACHIEVABLE" means easily accomplishable and able to be carried out without much difficulty or expense.

11. The term "UNDUE BURDEN" means significant difficulty or expense.

12. The terms "AND" as well as "OR" shall be construed disjunctively as necessary in order to bring within the scope of the request all information which might otherwise be construed to be outside its scope.

13. Any reference in the singular shall include the plural and vice versa in order to bring within the scope of the request all DOCUMENTS which might otherwise be construed outside its scope.

14. "COMPLAINT" refers to the Complaint on file in the United States District Court for the Central District of California, Case No. **Case No.: 5:20-cv-01746-JGB-SP.**

15. The terms "RELATE" or "RELATED" means concerning, relating, composing, bearing upon, evidencing, constituting, stating, describing, summarizing, explaining, mentioning, supporting, referencing, referring, containing, showing, reflecting, memorializing, pertaining to or otherwise having any connection directly or indirectly, in whole or in part, to the subject matter of the subject interrogatory, request for admission or request for production, including, but not limited to, all DOCUMENTS or COMMUNICATIONS called for by the request herein.

16. The terms "RELATING TO" and "RELATES TO" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

17. The term "YOU," "YOUR" and "YOURSELF" for purposes of these requests refers to the party to whom this request is directed, and his/her/its agents, employees, servants and professional advisors, including but not limited to YOUR attorneys.

18.   The term "SUBJECT PROPERTY" refers to the property situated at 25685 Redlands Blvd., Loma Linda, CA 92354.

19.   The Term "CERTIFIED ACCESS SPECIALIST" or "CASp", as defined by California Civil Code Section 55.52(a)(3), means any person who has been certified pursuant to Section 4459.5 of the Government Code.

**PLEASE NOTE: YOU are under a continuous obligation to supplement YOUR responses to this request for production under the circumstances specified in Federal Rules of Civil Procedure 26(e).**

## REQUESTS FOR ADMISSION.

**Request No. 1:**

Admit that the SUBJECT PROPERTY is a "place of public accommodation" as defined by the DISABILITY ACCESS LAWS and as that term is used in Title III, 28 CFR 36.102-36.104 and 42 U.S.C. § 12181.

**Request No. 2:**

Admit that YOU currently own the SUBJECT PROPERTY.

**Request No. 3:**

Admit that YOU operated the SUBJECT PROPERTY in June 2020.

**Request No. 4:**

Admit that PLAINTIFF has a "disability" as that term is used or defined in 42 U.S. Code section 12102.

**Request No. 5:**

Admit that PLAINTIFF is a member of a "protected class" as that term is used under Title III of the ADA.

---

**Request No. 6:**

Admit that under DISABILITY ACCESS LAWS, YOU are required to provide an ACCESSIBLE parking lot at the SUBJECT PROPERTY.

**Request No. 7:**

Admit that any curb ramps at the SUBJECT PROPERTY are required to be ACCESSIBLE as required by DISABILITY ACCESS LAWS.

**Request No. 8:**

Admit that under DISABILITY ACCESS LAWS, YOU are required to provide an accessible route from accessible parking spaces at the SUBJECT PROPERTY that are maintained in such manner that it is free of cracks and deterioration.

**Request No. 9:**

Admit that under DISABILITY ACCESS LAWS, YOU are required to maintain ACCESSIBLE interior features at the SUBJECT PROPERTY.

**Request No. 10:**

Admit that on June 23, 2020, an access aisle at the accessible parking space was ramped up to connect the walkway to the street level creating slopes and cross slopes excessive of 1:45 on the SUBJECT PROPERTY in violation of Section 502.4 of the 2010 ADA Standards for Accessible Design.

**Request No. 11:**

Admit that on June 23, 2020, there was a curb ramp that projects into the accessible parking space access aisle at the SUBJECT PROPERTY in violation of Section 406.5 of the 2010 ADA Standards for Accessible Design.

**Request No. 12:**

Admit that on June 23, 2020, the slope of the curb ramp connecting the accessible parking space to the accessible route exceeds 10% at the SUBJECT

1  PROPERTY in violation of Section 406.3 of the 2010 ADA Standards for Accessible
2  Design.
3  **Request No. 13:**
4      Admit that on June 23, 2020, there were no accessible routes connecting the
5  parking to the main entrance or elements within the facility at the SUBJECT
6  PROPERTY in violation of Section 206.2.2 of the 2010 ADA Standards for
7  Accessible Design.
8  **Request No. 14:**
9      Admit that on June 23, 2020, there was no accessible route to the site arrival
10  point (main entrance) from the public street at the SUBJECT PROPERTY pursuant to
11  Section 206.1 of the 2010 ADA Standards for Accessible Design.
12  **Request No. 15:**
13      Admit that from June 23, 2020, to the present, YOU had knowledge that
14  barriers to ACCESS existed on the SUBJECT PROPERTY.
15
16  **Request No. 16:**
17      Admit that from June 23, 2020, to the present, YOU had no plan to bring the
18  SUBJECT PROPERTY into compliance with DISABILITY ACCESS LAWS.
19
20  **Request No. 17:**
21      Admit that REMEDIATION of the barriers alleged in paragraphs 12 and 13 of
22  the COMPLAINT are READILY ACHIEVABLE.
23  **Request No. 18:**
24      Admit that REMEDIATION of the barriers alleged in paragraphs 12 and 13 of
25  the COMPLAINT can be achieved without substantial cost.
26
27
28

PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
6

**Request No. 19:**

Admit that ALTERATIONS have been made to the SUBJECT PROPERTY after March 15, 2012.

**Request No. 20:**

Admit that ALTERATIONS have been made to the SUBJECT PROPERTY between September 15, 2010 and March 15, 2015.

**Request No. 21:**

Admit that ALTERATIONS have been made to the SUBJECT PROPERTY after January 26, 1992.

**Request No. 22:**

Admit that ALTERATIONS have been made to the SUBJECT PROPERTY between January 26, 1992, and December 1, 2010.

**Request No. 23:**

Admit that REMEDIATION of the barriers identified in paragraphs 12 and 13 of the COMPLAINT will not fundamentally alter the nature of goods, services, facilities, privileges, advantages, and accommodations offered by YOUR business.

**Request No. 24:**

Admit that REMEDIATION the barriers identified in paragraphs 12 and 13 of the COMPLAINT will not impose an UNDUE BURDEN upon YOU.

**Request No. 25:**

Admit that REMEDIATION of the barriers identified in paragraphs 12 and 13 of the COMPLAINT will not result in any violation of federal, state, or local law.

**Request No. 26:**

Admit YOU have not obtained a CERTIFIED ACCESS SPECIALIST report regarding the ACCESSIBILITY of the SUBJECT PROPERTY within the last six (6) months.

**Request No. 27:**

Admit that Plaintiff has standing to bring the instant action.

**Request No. 28:**

Admit that Plaintiff is entitled to recover statutory damages under the Unruh Civil Rights Act.

**Request No. 29:**

Admit that Plaintiff has incurred attorney's fees RELATED TO the prosecution of the COMPLAINT.

**Request No. 30:**

Admit that Plaintiff has been deterred from the SUBJECT PROPERTY because of his knowledge of the alleged barriers in the Complaint.

**Request No. 31:**

Admit that on June 23, 2020, YOU did not have written policies with regard to ACCESSIBLITY at the SUBJECT PROPERTY.

Dated: March 10, 2021                    **MANNING LAW, APC**


By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Attorneys for Plaintiff

---

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT**
8

## PROOF OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 20062 S.W. Birch St., Suite 200, Newport Beach, CA 92660.

On March 10, 2021, I served the true copies of the foregoing document described as **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** on the interested parties in this action, addressed as follows:

**Served Via US Mail onto:**

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Frank A. Weiser, Esq.<br>3460 Wilshire Blvd., Suite 1212<br>Los Angeles, CA 90010 | maimons@aol.com | Attorney for Defendants |

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 10, 2021, **at** Newport Beach, California.

Marilyn Sanchez
(Type or print name)                               (Signature)

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT**
9

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                            ) ss.
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, am over the age of 18 years, and not a party to the within action. My business address is 3460 Wilshire Boulevard, Suite 1212, Los Angeles, California 90010.

On May 11, 2021, I served the document entitled **RESPONSE TO REQUESTS FOR ADMISSION, SET ONE** on the interested parties in this action by e-mailing a true copy thereof addressed as follows:

Joseph R. Manning, Jr., Esq.
Manning Law, APC
20062 S.W. Birch  Street, Suite 200
Newport Beach, CA 92660
E-Mail: ADAPracticeGroup@manninglawoffice.com

BY U.S. MAIL:  By First Class Mail I deposited such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

BY FEDERAL EXPRESS:  I deposited such document in a federal express envelope fully prepaid at a Kinko's/Federal Express Office to be delivered to the persons listed as addressed above.

X  BY E-MAIL  TRANSMISSION:  I transmitted such document to the following party at the e-mail address  listed above.

X  (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 11, 2021, at Los Angeles, California.

Frank A. Weiser

7